BRODSKY MICKLOW BULL & WEISS LLP
Edward M. Bull III, State Bar No. 141966
Kurt Micklow, State Bar No. 113974
1070 Marina Village Parkway, Suite 200
Alameda CA 94501
Telephone:   (510) 268-6180
Facsimile:    (510) 268-6181

Attorneys for Plaintiff
CURTIS McCAMY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS McCAMY,<br><br>            Plaintiff,<br><br>vs.<br><br>MATSON NAVIGATION COMPANY and DOES 1-5, *in personam,* and S/S LURLINE, her engines, tackle, apparel, furniture, and appurtenances, *in rem*;<br><br>            Defendants. | CASE NO.<br><br>**SEAMAN'S COMPLAINT FOR PERSONAL INJURIES -**<br><br>**JONES ACT NEGLIGENCE; UNSEAWORTHINESS; and MAINTENANCE AND CURE**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Pursuant to 28 U.S.C. §1916 Plaintiff is Entitled to File this Complaint Without Prepayment of Court Filing Fee] |

**I.**

**GENERAL ALLEGATIONS**

1.   Plaintiff CURTIS McCAMY ("Plaintiff") brings and maintains this action based upon the General Maritime Law pursuant to the United States Constitution Article III, Section 2, the Jones Act, 46 U.S.C. §30104, and 28 U.S.C. §1333.

2. Plaintiff was at all times herein a seaman within the meaning of the Jones Act and the General Maritime Law. As such, Plaintiff is entitled under the provisions of 28 U.S.C. §1916 to file this Complaint without prepayment of court's filing fee or the posting of a bond.

3. Plaintiff is an American citizen. At all times herein mentioned, Plaintiff has resided and continues to reside in Ketchikan, Alaska.

4. At all times herein mentioned, the S/S LURLINE ("the Vessel") was and is a United States flagged vessel afloat upon navigable waters of the United States and/or the high seas. S/S LURLINE is a container ship with a hailing port of Oakland, California. Plaintiff is informed and believes that S/S LURLINE is or will be within the Northern District of California at some time during the pendency of this action.

5. Defendant MATSON NAVIGATION COMPANY is a business entity of unknown form existing under the laws of a state other than California. Defendant MATSON NAVIGATION COMPANY is licensed to do business, does business, and maintains its principal place of business within the State of California and the Northern District of California, and is subject to personal jurisdiction in the Northern District of California.

6. At all times relevant, Defendant MATSON NAVIGATION COMPANY was the legal owner of record of S/S LURLINE. Plaintiff is informed and believes that at the time of his employment aboard this Vessel, it was managed, crewed, maintained, controlled, outfitted and navigated by one or all of Defendants MATSON NAVIGATION COMPANY and DOES 1-5, inclusive.

7. At all times relevant, Plaintiff was employed by Defendants to work on the Vessel and had the legal status of a "seaman" within the meaning of the Jones Act (46 U.S.C. §30104) and under the General Maritime Law.

8. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 5, and therefore, Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when ascertained. In the meantime, Plaintiff is informed and believes that each of the fictitiously named Defendants is affiliated in one way or another with Defendant MATSON NAVIGATION COMPANY and is responsible in some manner for the occurrences herein alleged.

9. Plaintiff is informed and believes that all of the Defendants, including those sued as DOES 1 through 5, were and are the agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees of their co-Defendants, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, and employees with the permission, ratification or consent of their co-Defendants and thus are legally liable for all of the damages resulting from the acts or omissions of the others.

10. Mr. McCamy was injured on or about January 19, 2012 while he was serving as a relief Second Mate aboard the S/S LURLINE and he fell on a poorly marked seam in the deck and broke his leg and suffered other serious and disabling injuries.

**II.**

## FIRST CLAIM FOR RELIEF

## (For Jones Act Negligence Against Defendants MATSON NAVIGATION COMPANY and DOES 1-5, inclusive)

11.     Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 10, above.

12.     Defendants MATSON NAVIGATION COMPANY and DOES 1-5, inclusive, owed Plaintiff a duty to use reasonable care in all aspects of the employment relationship between them and, among other things, to provide Plaintiff with a reasonably safe place to work.

13.     Defendants MATSON NAVIGATION COMPANY and DOES 1-5, inclusive, breached this duty of care in a number of ways, including, but not limited to, the following:

(a)     Failing to maintain safe walking surfaces and mark tripping/falling hazzards aboard the S/S LURLINE;

(b)     Requiring Plaintiff to work in an unsafe area;

(c)     Failing to perform proper job hazard analyses and to institute special procedures for the walking surfaces aboard the Vessel and identifying tripping/falling hazards and marking them;

(d)     Failing to exercise ordinary care under the circumstances to have the vessel's training, equipment and work methods in such a condition that Plaintiff would be able to perform his duties with reasonable safety;

(e)     Failing to abide by safety laws, regulations, statutes and customs and

practice necessary for safety at sea;

    (f)    Failing to provide adequate crew to perform the required tasks; and

    (g)    Failing to provide Plaintiff with a safe place to work.

14. As a result of the aforesaid negligent acts and omissions, among others, Defendants MATSON NAVIGATION COMPANY and DOES 1-5, inclusive, breached the duty of care they owed to Plaintiff.

15. As a legal result of such negligence on the part of Defendants MATSON NAVIGATION COMPANY and DOES 1-5, inclusive, Plaintiff has sustained physical and emotional injuries.

16. As a further legal result of the negligence of Defendants MATSON NAVIGATION COMPANY and DOES 1-5, inclusive, Plaintiff has sustained and will continue to sustain economic damages, including without limitation, past and future medical expenses and past and future loss of earnings and benefits, all of which will be established at trial according to proof.

17. As a further legal result of the negligence of Defendants MATSON NAVIGATION COMPANY and DOES 1-5, inclusive, Plaintiff has incurred and will in the future incur non-economic damages, including physical and emotional pain and suffering, all of which will be established at trial according to proof.

///

///

///

### III.

## SECOND CLAIM FOR RELIEF

**(For Breach of the Warranty of Seaworthiness *In Personam* Against Defendants MATSON NAVIGATION COMPANY and DOES 1-5, inclusive, and *In Rem* Against S/S LURLINE)**

18. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 17, above.

19. At all times herein relevant, Plaintiff was acting in the service of S/S LURLINE performing duties of the type traditionally performed by a seaman and whose presence was necessary for the operation of the Vessel.

20. By the provisions of the General Maritime Law of the United States, Defendants MATSON NAVIGATION COMPANY and DOES 1-5, inclusive, by and through their agents, employees and servants, warranted to Plaintiff that S/S LURLINE, and her decks, gear, passageways, equipment, appurtenances, tools, crew members, training, work methods and work environments were seaworthy and in compliance with applicable laws, statutes, standards and regulations enacted for the safety of the crew.

21. As alleged herein, S/S LURLINE, her decks, lines, gear, passageways, equipment, appurtenances, tools, crew members, training, work methods and work environments were not seaworthy and were not in compliance with applicable laws, statutes, standards and regulations enacted for the safety of the crew. Defendants MATSON NAVIGATION COMPANY , DOES 1-5, and the S/S LURLINE inclusive, violated and breached the warranty of seaworthiness owed Plaintiff in the following respects, among others:

(a) Failing to maintain safe walking surfaces and mark tripping/falling hazzards aboard the S/S LURLINE;

(b) Requiring Plaintiff to work in an unsafe area;

(c) Failing to perform proper job hazard analyses and to institute special procedures for the walking surfaces aboard the Vessel and identifying tripping/falling hazards and marking them;

(d) Failing to have the vessel's training, equipment and work methods in such a condition that Plaintiff would be able to perform his duties with reasonable safety;

(e) Failing to abide by safety laws, regulations, statutes and customs and practice necessary for safety at sea;

(f) Failing to provide adequate crew to perform the required tasks; and

(g) Failing to provide Plaintiff with a safe place to work.

As a legal result of these breaches, Plaintiff sustained physical and emotional injuries.

22. As a further legal result of Defendants' breaches, Plaintiff has sustained and will continue to sustain economic damages, including without limitation, past and future medical expenses and past and future loss of earnings and benefits, all of which will be established at trial according to proof. As a further legal result of Defendants' breaches, Plaintiff has incurred and will in the future incur non-economic damages, including physical and emotional pain and suffering, all of which will be established at trial according to proof.

23. Plaintiff has and is asserting herein a maritime lien and an *in rem* claim against S/S LURLINE for all of the above described economic and non-economic damages caused by the unseaworthiness of S/S LURLINE.

IV.

### THIRD CLAIM FOR RELIEF

**(For Maintenance and Cure *In Personam* Against Defendants MATSON NAVIGATION COMPANY and DOES 1-5, inclusive, and *In Rem* Against S/S LURLINE)**

24. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 23, above.

25. According to the General Maritime Law, when a seaman becomes ill or injured while in the service of a vessel, the employer is liable *in personam* and the Vessel itself is liable *in rem* to provide the seaman with all reasonable medical care ("cure") and pay to the seaman a reasonable rate of daily financial maintenance sufficient to cover his room and board ("maintenance") from the date of his illness or injury until he reaches "maximum cure."

26. Plaintiff was discharged from S/S LURLINE on or about January 19, 2012, due to his injuries. Defendants MATSON NAVIGATION COMPANY and DOES 1-5, inclusive, *in personam,* and the Vessel itself *in rem* are legally required to furnish Plaintiff with all maintenance and cure to which he is entitled under the General Maritime Law for and during his curative treatments relating to these injuries.

28. Plaintiff is entitled to recover from Defendants any and all past

maintenance and cure unpaid and owing at the time of trial.

29. Plaintiff also has and is asserting herein a maritime lien and an *in rem* claim against S/S LURLINE for all unpaid maintenance and cure.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. That process in due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, may issue against S/S LURLINE, her engines, tackle, apparel, appurtenances, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters alleged herein; that Plaintiff have a judgment for his damages aforesaid, with interest and costs; and that, if necessary, S/S LURLINE be arrested and sold to satisfy Plaintiff's judgment;

2. That process in due form of law according to the practice of this Honorable Court issue against the *in personam* Defendants, citing them to appear and answer all and singular the matters aforesaid;

3. That Plaintiff have judgment for his past and future economic damages in amounts according to proof at trial;

4. That Plaintiff may have judgment for his past and future non-economic damages in amounts according to proof at trial;

5. That Plaintiff be awarded prejudgment interest on the amounts of the

SEAMAN'S COMPLAINT FOR
PERSONAL INJURIES                           -9-                           CASE NO.

damages awarded;

6. That Plaintiff be awarded any maintenance and cure unpaid and owing at and through the time of trial in amounts necessary to make him whole according to proof;

7. That Plaintiff recover his unearned wages;

8. For costs of suit herein; and

9. For such other and further relief as this Honorable Court deems just and proper.

DATED: January 16, 2015           Respectfully submitted,

                                  BRODSKY MICKLOW BULL & WEISS LLP

                                  By:  /S/ Edward M. Bull III
                                       Edward M. Bull III

                                  Attorneys for Plaintiff
                                  CURTIS McCAMY

/ / /

/ / /

/ / /

/ / /

## VI.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

| | |
|---|---|
| 1  DATED: January 16, 2015 | Respectfully submitted, |
| 2 | BRODSKY MICKLOW BULL & WEISS LLP |
| 4 | By:  /S/ Edward M. Bull III |
| | Edward M. Bull III |
| 6 | Attorneys for Plaintiff |
| | CURTIS McCAMY |